IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRADY MCGRUDER,

    Defendant.

No. 08-cr-30254 JPG-01

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Brady McGruder's *pro se* "Motion to Recall Mandate" (Doc. 240). In his motion, McGruder asks the Court to vacate his sentence and resentence him without using the career offender enhancement. He does not rely on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), but instead argues there was a legal error in his case that entitles him to resentencing – his prior drug conviction was not "serious" and therefore could not support career offender status. Although McGruder expressly states he is not intending to invoke 28 U.S.C. § 2255, the relief he seeks is only available through such a motion.[1] However, the Court will not construe this as a § 2255 motion without a clear indication that McGruder intends to invoke that statute. "[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

---

[1] McGruder asks this Court to recall its "mandate." District Courts do not issue mandates, which are issued exclusively by Courts of Appeal and the Supreme Court. *See, generally,* Fed. R. App. P. 41; Sup. Ct. R. 45. This Court has no authority to recall a mandate issued by the Court of Appeals or the Supreme Court.

Accordingly, the Court **WARNS** McGruder that if he does not file a motion to withdraw his pending "Motion to Recall the Mandate" on or before May 19, 2017, the Court will construe it as a § 2255 motion and McGruder will then be subject to the second or successive filing restrictions contained in 28 U.S.C. § 2255(h).

The Court notes that McGruder has already filed a § 2255 motion based on *Johnson*. However, he voluntarily dismissed that motion before any response from the Government or substantive review by the Court. Although the issue may be subject to further argument, the Court does not believe at this time that his prior petition counts toward his § 2255 tally or that he needs permission from the Seventh Circuit Court of Appeals to file a new petition. *See* 28 U.S.C. § 2255(h). A § 2255 motion counts only if it is resolved by a decision on the merits or, after some substantive review by the Court, the petitioner voluntarily dismissed the motion when it becomes apparent an adverse ruling is forthcoming. *See Garrett v. United States*, 178 F.3d 940, 942-43 (7th Cir. 1999) (§ 2255 motion withdrawn before response from Government did not count); *O'Connor v. United States*, 133 F.3d 548, 550-51 (7th Cir.1998) (§ 2255 motion rejected by Court as premature in light of pending appeal did not count); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (habeas petition voluntarily dismissed after it became clear petitioner could not succeed at evidentiary hearing counted).

**IT IS SO ORDERED.**
**DATED: April 21, 2017**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **U.S. DISTRICT JUDGE**