UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRADY MCGRUDER,<br><br>    Defendant. | Case No. 08-cr-30254-JPG-1 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Brady McGruder's *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 294). The Government has responded (Doc. 299). The defendant has not replied, although he was given an opportunity to do so.

**I.    Compassionate Release**

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
>> (i) extraordinary and compelling reasons warrant such a reduction. . .
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2) (2023).[2] The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant for this case:

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

**(1) Medical Circumstances of the Defendant.**—
    **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    **(B)** The defendant is—
        **(i)** suffering from a serious physical or medical condition,
        **(ii)** suffering from a serious functional or cognitive impairment, or
        **(iii)** experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
    **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
    **(D)** The defendant presents the following circumstances—
        **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
        **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
        **(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant.**—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

\* \* \*

**(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is

filed, and after full consideration of the defendant's individualized circumstances. U.S.S.G. § 1B1.13(b) (2023).

The guideline further states that non-retroactive changes in the law may not be considered in determining whether an extraordinary and compelling reason exists, but it may be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist U.S.S.G. § 1B1.13(c) (2023). The guideline also provides that the rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction. U.S.S.G. § 1B1.13(d) (2023).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2023).

The Court now turns to the specifics of the defendant's case.

**II.  Analysis**

On June 1, 2009, McGruder pled guilty to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin (Count 1) and three counts of

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

distribution of heroin (Counts 2, 3, & 4).  The Court made a relevant conduct finding of 4,227 kilograms of marihuana equivalent, which comprised various amounts of heroin, powder cocaine, and crack cocaine.  Based on his career offender status as well as his relevant conduct-based calculation, his total offense level was 35 and his criminal history category was VI, making his advisory sentencing guideline range 292 to 365 months.  *See* PSR ¶ 108.  On September 1, 2009, the Court sentenced him to serve 365 months in prison.  McGruder did not appeal his sentence.  Later, the Court reduced McGruder's sentence (Docs. 172 & 233).

McGruder asked the Court once before for compassionate release, before U.S.S.G. § 1B1.13 was amended in 2023 (Doc. 286).  On May 27, 2021, the Court denied that motion finding McGruder had not shown extraordinary and compelling reasons for release and that, even if he had, the § 3553(a) factors weighed against his release (Doc. 293).

Now, McGruder asks the Court for compassionate release because of his age (57 years old at the time he filed his motion), his rehabilitation and accomplishments while in prison, his declining health, his "unusually long sentence," and his lack of dangerousness.  He argues that the § 3553(a) factors weigh in his favor; the sentence he has already served is longer than necessary to achieve the goals of sentencing.  He notes that he has completed numerous prison educational programs, has maintained a job in prison with excellent reports, and has learned respect for the law.  He also points to the risk of COVID-19 in prison that cannot be completely alleviated despite the availability of vaccines, especially in light of his health conditions that place him at a high risk of serious harm from the virus.  And the conditions imposed to corral the virus are harsher than those anticipated when he was sentenced.  He claims the BOP is unable to provide the medical care he needs.  To argue that his sentence is unusually long, he also points to the sentences given to certain felons around the country who committed far more notorious and

violent crimes that he did. McGruder also asks the Court to give him the benefit of intervening changes in the law, but he does not explain what those changes are that are not already being applied to him.

In response, the Government argues that McGruder has pointed to no material change in his health since the Court considered his prior motion for compassionate release and found his medical conditions were being treated by the BOP and were not an extraordinary and compelling reason for release, even in combination with the risks from COVID-19. It also notes that he is not yet old enough to qualify for the aging definition of extraordinary and compelling reasons. The Government adds that the warden of McGruder's institution—FCI-Petersburg Medium— denied his request for compassionate relief on the grounds that he did not satisfy the BOP's criteria for a sentence reduction. To the extent McGruder complains about the conditions of his confinement, the Government suggests that his complaints can be addressed through a civil lawsuit. The Government further argues that any rehabilitation McGruder has achieved is not sufficient to change the balance of the § 3553(a) factors as the Court weighed them in its May 2021 order denying McGruder's first motion for compassionate release. It asks the Court to be skeptical of McGruder's rehabilitation in light of the two disciplinary infractions he has committed since the Court's prior denial of compassionate release—possessing a hazardous tool and disruptive conduct (high). Finally, the Government contests that he has an "unusually long sentence" as defined in the guidelines because there has been no change in the law that would affect him.

    A.    <u>Exhaustion of Administrative Remedies</u>

The Government has not challenged McGruder's exhaustion of his administrative remedies before filing his motion. Indeed, on or around April 4, 2024, the defendant asked the

warden to move on his behalf for compassionate release, and he filed his motion for compassionate release more than 30 days later. Any objection based on the failure to exhaust is waived.

### B. Extraordinary and Compelling Reasons

The Government is correct that nothing material has changed since the Court's May 2021 finding that McGruder's health conditions and the risk of serious harm from COVID-19 were not extraordinary and compelling reasons for release. Considering all of his health conditions, even the ones for which he did not exhaust his administrative remedies in his earlier motion and even in light of the 2023 changes to U.S.S.G. § 1B1.13(b)(1), the Court again concludes that the defendant suffers from no more than routine chronic conditions that are being treated regularly and adequately by BOP medical personnel. Even considering COVID-19, which has a diminished prevalence[4] but which is still present, McGruder's health conditions and risks do not amount to extraordinary and compelling reasons for relief.

To the extent McGruder believes his age and the ordinary bodily degeneration that comes along with it satisfy U.S.S.G. § 1B1.13(b)(2) (2023), he is wrong. That provision applies only when an inmate is 65 or older, and it appears now that McGruder will serve his sentence of imprisonment before he reaches 65.

McGruder's claim that he has an "unusually long sentence" under U.S.S.G. § 1B1.13(b)(6) (2023) also has no merit. In order to qualify under this definition of an "unusually long sentence," a change in the law must have occurred that would make the sentence that the defendant is actually serving grossly disparate to the sentence that the Court would have

---

[4] BOP statistics show no open COVID-19 cases at FCC-Petersburg, McGruder's institution. BOP, Inmate COVID-19 Data, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (visited Sept. 11, 2024).

imposed today. McGruder has pointed to no change in the law that has not already been applied to him through a prior sentence reduction that would have resulted in a disparity—much less a gross disparity—from the sentence he is already serving. Instead, he points to disparities in his sentence from other heinous criminals. That has no relevance to whether he satisfies the conditions of U.S.S.G. § 1B1.13(b)(6) (2023).

Even viewed in combination and with the other circumstances McGruder argues in his motion, McGruder has not established any extraordinary and compelling reasons for release.

### C. § 3553(a) Factors

Even if McGruder had established extraordinary and compelling reasons for release, the Court's weighing of the § 3553(a) factors has not changed since his original sentencing or since the Court's analysis in its May 2021 order. The Court adopts those analyses in this order. And in fact, McGruder's two serious disciplinary infractions since May 2021 bear out the Court's prior assessment that McGruder is not yet ready or able to lead a life living by the rules. It is still true that "[r]eleasing [McGruder] now would undermine the gravity of his offense, would not promote respect for the law, and, most importantly, would place the public in danger from his future crimes. The defendant's current sentence remains necessary to serve the purposes of sentencing" (Doc. 293 at 7).

### III. Conclusion

For all of these reasons, the Court **DENIES** the defendant's *pro se* motion for a sentence reduction (Doc. 294).

**IT IS SO ORDERED.**
**DATED: September 19, 2024**

                                                        s/ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **DISTRICT JUDGE**